FILED

MAY 29 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID J. OGLE, | No. 12-35705 |
| Plaintiff - Appellant, | D.C. No. 3:12-cv-00571-BR |
| v. | |
| RALPH A. YATES; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted May 13, 2014[**]

Before:     CLIFTON, BEA, and WATFORD, Circuit Judges

David J. Ogle appeals pro se from the district court's judgment dismissing

his 42 U.S.C. § 1983 action alleging constitutional violations in connection with

the revocation of his medical license.  Ogle was given leave to amend, which he

refused to do.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

*Yokeno v. Mafnas*, 973 F.2d 803, 806 (9th Cir. 1992). We affirm.

The district court properly dismissed the claims against the State of Oregon and the Oregon Medical Board as barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (Eleventh Amendment immunity applies to states and their agencies "regardless of the nature of the relief sought"); *Montana v. Goldin (In re Pegasus Gold Corp.)*, 394 F.3d 1189, 1195 (9th Cir. 2005) (absent waiver, state and its agencies are immune under the Eleventh Amendment from private actions in federal court).

The district court properly dismissed the claims against Judges Schuman, Wollheim, and Nakamoto on the basis of judicial immunity. *See Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

The district court properly dismissed the claims against Foote and Alexander on the basis of prosecutorial immunity. *See Fry v. Melaragno*, 939 F.2d 832, 837 (9th Cir. 1991) (government attorneys have absolute immunity from damages liability for performing acts "intimately associated with the judicial phase" of litigation).

The district court properly dismissed the claims against the remaining

defendants because Ogle failed to allege facts demonstrating that these defendants were personally involved in any constitutional violation or that there was a causal connection between their conduct and any alleged violation. *See Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for establishing supervisory liability); *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand dismissal).

**AFFIRMED.**